DETROIT GAS CO. v. MORETON TRUCK & STORAGE CO.

1. GAS COMPANIES—REMOVAL OF METER—REPLEVIN.
    A gas company has the right to remove its meter from a consumer's premises where the consumer refuses to pay the cost of the service pipe in accordance with the agreement under which the meter was put in place, and may maintain replevin if delivery is denied.

2. DAMAGES—PERSONAL PROPERTY—DEPRIVATION OF USE.
    Inconvenience, unaccompanied by any pecuniary loss, is not an element of damages for the deprivation of the use of personal property.

Error to Wayne; Frazer, J. Submitted October 23, 1896. Decided January 5, 1897.

Replevin by the Detroit Gas Company against the Moreton Truck & Storage Company. From a judgment for defendant, plaintiff brings error. Reversed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Julian G. Dickinson,* for appellee.

GRANT, J. Replevin. Property replevied: A gas meter of the value of six or seven dollars. The cause of the suit: The refusal of the defendant to pay a bill for furnishing 60 feet of gas pipe, and labor, to connect defendant's stables with plaintiff's gas-pipe line. The amount of the bill rendered, according to plaintiff's testimony, was $7.45; according to defendant's testimony, $11.50. The suit was instituted in justice's court, and was appealed to the circuit court, and then to this court. The circuit court held that title to the meter was in plaintiff, that the right of possession was in defendant, that plaintiff could not maintain the action, refused to award the return of the property, and directed the jury to assess damages to the defendant, which they did at the sum of $55. As long as the law permits such petty suits to be appealed from one court to another till they reach the court of last resort, imposing expense upon litigants and the public, costing many times the amount involved, the courts must determine them upon legal principles, notwithstanding they take time which ought to be devoted to important suits.

Two questions are presented:

(1) Had plaintiff the right to remove the meter?
(2) If it had not that right, what is the measure of damages?

1. In disposing of the first question, we shall assume that the defendant is liable for the reasonable cost of putting in the service pipe. It is conceded that the plaintiff owns the meter, and that it may remove the same for nonpayment of gas consumed. It is argued that the

company could not remove it for nonpayment of the bill for making the connection and piping the defendant's barn, and the court so instructed the jury. This involves a determination of the contract between the parties. The connection was made, the pipe furnished, and the meter put in for the sole purpose of furnishing gas to the defendant. The agreement to do these things and to furnish gas were parts of the same contract. If the company may remove its meter for failure to comply with the one provision of the contract, it is difficult to understand why it may not for failure to comply with the other. The defendant agreed to pay for both. The plaintiff is under no obligation to continue to perform its part of the contract when the defendant has refused compliance. Under the defendant's contention, the gas company might pipe a man's building at great expense, for which he agreed to pay, and when it was done, and the meter in place, be compelled to furnish gas so long as he paid for the gas consumed, although he refused to pay the other bill. Suppose that, before the meter was put in, the man should refuse to pay, would the company be liable for damages for not putting in the meter? Would he be entitled to the meter without first paying or tendering the reasonable cost of piping? To these questions there can be but one answer. If A. agrees to place a machine, the title to which remains in A., upon B.'s land, and to do further work with it for B. after it is so placed, upon condition that B. pay the expenses of moving and placing the machine, and after A. has done this work B. refuses to pay, B. cannot say to A., "I will not pay you for moving and placing the machine, but you must keep it on my land and work it for my benefit so long as I pay you the agreed price for its use." A. has two remedies. He may either remove his machine, or he may go on with his contract and sue B. for the labor performed. This practically illustrates the defendant's position, — that plaintiff must continue to perform its part of the contract, while defendant violates its part. Its counsel cites no

authority to support it. The present case is not one of the ordinary performace of labor or the furnishing .of materials, unattended with any other conditions. We think the plaintiff was entitled to remove its meter, and to maintain the action of replevin upon refusal to deliver it.

2. There was no evidence to sustain the verdict for damages. The defendant did not show that it was entitled to any but nominal damages. After the meter was removed, it used lamps and lanterns, which were cheaper than gas. The court instructed the jury to "give such damages as defendant is entitled to for being deprived of the convenience and use of gas, * * * and you must make up that estimate of damages as best you can under the testimony." Inconvenience, unaccompanied by pecuniary loss, is not an element of damage upon being deprived of the use of property. No actual damage being shown, it was the duty of the court to instruct the jury that they could find only nominal damages.

Judgment reversed, and new trial ordered.

LONG, C. J., and MOORE, J., concurred with GRANT, J. MONTGOMERY, J., concurred in the result. HOOKER, J., did not sit.