No. 2353.

## THE GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* E. P. POMEROY.

1. DAMAGES FROM OVERFLOWS.—The true test in determining when a railway company is liable for damages, whose embankment and culvert is so constructed in crossing a stream that injury results to neighboring property from an overflow, is, considering all the circumstances, and especially the history of the stream, would a prudent man have anticipated such a flood as caused the damage. If not, the loss will be deemed the act of God, for which no action lies.

2. SAME.—What a prudent man would do in constructing such works with reference to danger to his own property is no test by which to determine liability. He might be willing to take the risk, but that will not excuse him for taking a known risk which will involve the destruction of his neighbor.

3. OVERFLOWS—RAILROAD COMPANY.—The statute in requiring railway companies in constructing their embankments to provide such culverts and sluices as may be demanded by the natural lay of the land for its necessary drainage, must be construed to mean that provision need not be made for such extraordinary floods as could not have reasonably been foreseen, but that such as may have been reasonably anticipated must be guarded against without reference to the frequency of their recurrence. The fact that the floods not provided for, do occur at the place at long intervals, affords no defense.

4. SAME.—If, when a railway culvert and embankment are being constructed at the crossing of a stream, it is known that extraordinary inundations caused by that stream, have occured within the memory of man, their recurrence should be anticipated, and the construction work of the road should be so done as to make provision for the danger likely to result from such work, should such an inundation again occur.

5. PLEADING—CERTAINTY.—See opinion for pleading containing allegations concerning the locality of land for damage to the growing crops on which the suit was brought, held sufficiently certain.

6. CASE REVIEWED AND APPROVED.—Mayor of New York v. Bailey, 2 Denio, 433, reviewed and approved.

APPEAL from Galveston.    Tried below before the Hon. W. H. Stewart.

This suit was brought by E. P. Pomeroy, to recover damages to plaintiff's crops, caused by insufficient culverts in defendant's road embankment.    One of the allegations of the petition which seems to have been fully sustained by the evidence was the following:

"Plaintiff further avers the said lands and crops then being under water as aforesaid, and endangered thereby, defendants completely destroyed the same on or about the said tenth day of June, 1885, and on several days before and thereafter, by—while the said land was submerged and the said crop was under water—building and constructing a dam or dike of earth and sand in and upon, and against and near the said railroad bed, raising the same and raising the said water so dammed up in and upon the said land about eighteeen or twenty inches higher than the said railroad bed originally was, holding said water thereon, rendering the same still and stagnant, scalding and completely destroying the said crop."

*Ballinger, Mott & Terry*, on their proposition that the following charge was error:

"You are instructed, that if the overflow which is alleged to have caused damage to plaintiff's crop, was of such universal and extraordinary character, that its recurrence could not reasonably be expected at such frequent intervals as would cause men of ordinary care, prudence and caution, in the transaction of their business, leaving lands exposed to such overflows, to protect such land by the construction of levies or in other ways, then said overflow was of such a character that defendant could not have been expected to provide against it."

They cited the following authorities:    Houston & Great Northern Railroad v. Parker, 50 Texas, 342; Gulf, Colorado & Santa Fe Railway v. Holliday, 65 Texas, 518; Pittsburg, Fort Wayne & Chicago Railway v. Gilliland, 56 Pennsylvania State, 448.

*Wheeler & Rhodes*, for appellee:    On their proposition that the court did not err in its charge to the jury, because the charge

must be taken as a whole, and as to whether or not this overflow was an extraordinary one, which could not reasonably have been anticipated by persons of ordinary care and prudence, was directly submitted to the jury, they cited Revised Statutes, Article 4171; Gulf, Colorado & Santa Fe Railway Company v. Holliday, 65 Texas, 520; Gulf, Colorado & Santa Fe Railway Company v. Helsley, 62 Texas, 595; Gulf Colorado & Santa Fe Railway Company v. Donahoo, 59 Texas, 129; Houston and Great Northern Railroad Company v. Parker 50 Texas, 342.

GAINES, ASSOCIATE JUSTICE. We think the exceptions to the petition upon the ground that the land upon which plaintiff's crops were growing at the time of their alleged destruction is not sufficiently described, were properly overruled. The allegations in question are that plaintiff and one Renchlow were "engaged in farming and cultivating cotton, corn and other produce on a certain tract of land near the Brazos river and in said county of Fort Bend, and near, about half a mile, northeast of Thompson's switch, in said county, said tract of land being well known, and marked on the map of said county as the 'Old Thompson' place or tract, and owned by Yandell Ferris, of said county, and by plaintiff leased from said Yandell Ferris, containing about fifty acres, a portion fronting on the Brazos river, and the whole of said tract lying and being situated between the said river and the railroad track and railroad bed of the said defendant company, said track being about a mile distant and running about parallel with said river."

Further on it is alleged that he, plaintiff, was cultivating certain crops on his own account on the same tract of land and that he had rented to one Graham "the balance of said tract, to wit, about twenty-five acres of land, the same being near and adjoining the land cultivated by plaintiff and the said Renchlow, herein before fully described."

Plaintiff having purchased the claims of his partner and tenant sued to recover damages for the loss of the crops upon all the land so described. The description is certainly sufficient to apprise the defendant of the locality of the crops, the destruction of which constituted the foundation of the action; and to identify them with reasonable certainty. It is also definite enough to enable defendant to plead the judgment in bar of another suit without the aid of parol evidence, which may be re-

sorted to in a proper case under that plea in order to show the identity of the subject matter of the two actions.

The second and third assignments of error are directed to the charge of the court, and are as follows:

"2. The court erred in charging the jury: 'If the overflow was of such an extraordinary character that railroad engineers of ordinary care, prudence and caution, in the construction of the embankment could not be reasonably expected to anticipate them, then the defendant company would not be liable for damages, but, if you believe from the evidence, that, although the overflow was extraordinary, yet that such an overflow could have been reasonably anticipated by railroad engineers of ordinary care prudence and caution, and in the construction of the railroad embankment for its roadbed, could have so constructed it so as not to have caused damage to plaintiff's crop, then the defendant company would be liable,' because under no circumstances was defendant liable for an extraordinary overflow, and because the charge made defendant's liability depend on the bare fact as to whether the embankment could have been so constructed as to have avoided the damage, without regard as to whether such construction could have been reasonably required.

"3. The court erred in not more clearly defining to the jury what is meant by an extraordinary overflow, and erred in not giving in its charge some guide to the jury to determine whether or not the overflow was extraordinary; and erred in refusing to give the third special charge asked by the defendant, because the same announces the correct rule for determining whether the overflow was of such extraordinary character as not to require defendant to guard against it."

The whole charge taken together is favorable to the defendant, and the extract complained of in the above assignments we think fairly presented the law of the case, upon the proposition contained in it. The ground upon which a railroad company or other corporation is exonerated from liability in certain cases of this character is not as we may be led to believe by some expressions in the opinions of the courts, that a prudent man under like circumstances would not have provided against the danger. A careful person in constructing a like improvement which endangered his own property, might prefer to take the risk of a loss from either ordinary or extraordinary floods to incurring

the certain expense necessary to make an effectual provision against them.

But this rule certainly would not do, when the property of others is subjected to the risk of destruction or damage. In our opinion the true test is, considering all the circumstances and especially the history of the stream, would a prudent man have anticipated such a flood as caused the damage? If not, the loss will be deemed the act of God, for which no action arises.

The statute requires railroad companies in constructing their embankments to provide such culverts and sluices as may be demanded by the natural lay of the land for its necessary drainage. (Rev. Stat., art. 4171.) We construe this to mean that provision need not be made for such extraordinary floods as could not have reasonably been foreseen. But such as may have been reasonably anticipated must be guarded against, without reference to the frequency of their occurrence.

Knowing that an extraordinary inundation has occurred more than once, and for that reason that it may occur again, a party who has constructed a work which obstructs its outflow and causes it to submerge the property of another to his damage, will not be permitted to defend against the wrong by setting up the fact that the floods not provided for have occurred only at long intervals.

In his opinion in the case of The Mayor, etc., of New York, v. Bailey, 2 Denio, 433, Chancellor Walworth says: "The dam should therefore have been constructed in such a manner as to resist such extraordinary floods as might have been reasonably expected occasionally to occur. And if the flood of 1841 was not much higher than any which had been known to occur upon the stream within the memory of man, those who had charge of the construction of the dam, should have anticipated such a flood, and should have provided a dam that would have been sufficient to resist the operation of that flood."

These extracts indicate the correct rule in these cases. If, when the work is being constructed, extraordinary inundations have occured within the memory of men then living, their recurrence should be anticipated, and provision made against the danger likely to result from the works, should a recurrence of the flood take place. For the reasons stated, we think there is nothing in the charge of which appellant has the right to complain.

The sixth assignment of error "is to the effect that the verdict is against the evidence, because the flood was extraordinary and

one that could not have been reasonably anticipated, it appearing from the evidence that no flood of similar extent had occurred before for a period of thirty-two years." There was ample evidence to show that there were similar overflows in the Brazos river in 1833, in 1843, and in 1852. From what we have said, it is apparent, that in our opinion this was sufficient testimony to warrant the jury in finding that the flood in question ought reasonably to have been anticipated by defendant's agents, when they constructed its road; and to authorize them to hold defendant responsible to plaintiff for any loss which resulted to him from the combined action of such embankment and flood.

But it appeared further in evidence in the case, that when the flood was about at its highest point, and the danger to plaintiff's crop was apparent, the defendant company, in order to protect its track, raised the embankment which obstructed the outflow and narrowed the culverts with sand bags, and thereby protracted the inundation which caused the damage. The evidence shows that this contributed to the injury. However extraordinary the flood may have been, the defendant, after seeing its effects, certainly had no right to obstruct its outflow to plaintiff's damage. It would seem, therefore, that defendant has no cause to complain of the judgment in the case.

We find no error in the proceedings of the court below, and the judgment is therefore affirmed.

*Affirmed.*

Opinion delivered March 15, 1887.