# OHIO & MISSISSIPPI RAILWAY COMPANY

## v.

# CHARLES A. SINGLETARY.

# SAME

## v.

# WILLIAM ELLIOTT.

*Railroads—Obstruction of Natural Waterway by—Continuing Nuisance —Remedy of Landowner Purchasing Subsequent to Obstruction—Limitations.*

1. The maintaining of an obstruction to a natural watercourse is a violation of a public duty and an invasion of private rights, for which damages are recoverable by persons injured.

2. The fact that the plaintiff purchases land after the erection of the obstruction in question, does not bar his right of action. He is not bound to assume that the defendant will maintain the nuisance after notice to abate it, nor to refrain from putting in crops because of the danger of overflow.

3. Upon the case stated, the statute of limitations presented no bar.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Plaintiffs having acquired their interest in the land on which the injured crops were growing, and planted their crops long after the trestle in question had been filled, and the land on the north side of the track filled by the deposits up to the level of the railroad track, can not recover, as they acquired their property subject to this condition of things. Illinois Cent. R. R. Co. v. Allen, 39 Ill. 205; T. W. & W. R. Co. v. Hunter, 50 Ill. 325; Same v. Morgan, 72 Ill. 155; C. & A. R. R. Co. v. Maher, 91 Ill. 312.

The statute of limitations pleaded, was a complete bar to these actions. The trestle in question was filled in 1868 or 1870, and the damage was done in 1888, at least eighteen years afterward. The fill was a permanent structure, and became as much a part of the road-bed as any other, and when the deposits accumulated on the north side so as to raise the surface up to the level of the track it became practically impossible to replace the trestle and restore the old order of things. It was not a case of negligent or imperfect construction of the road, and all actions for injuries caused by such filling should have been brought within five years after the fill was made. Troy v. Chester R. R. Co., 3 Foster (N. H.), 183; approved in C. & G. R. Co. v. McAuley, 121 Ill. 160; Wabash, St. L. & P. R. Co. v. McDougall, 118 Ill. 229; Fowler v. N. H. & N. H. Ry. Co., 112 Mass. 334; Kansas R. R. Co. v. Mihlman, 17 Kas. 225.

O. & M. Ry. Co. v. Singletary.

Messrs. TURNER & HOLDER, for appellees.

GREEN, J. This suit was brought by appellee against appellant to recover damages for injury to his crops from an overflow of water.

The declaration contains two counts. In the first count the negligence averred is the constructing and unlawfully maintaining an embankment obstructing the natural flow of water, and forcing it upon and flooding and overflowing plaintiff's land and crops, etc. The second count is substantially the same, except the negligence charged is that defendant did unlawfully maintain such embankment. Defendant pleaded statute of limitations and general issue, to which proper replications were interposed, and upon the issues thus joined the cause was tried. The jury, by their general verdict, found defendant guilty, and assessed plaintiff's damages at $183. The court overruled defendant's motion for a new trial, and rendered judgment for plaintiff for damages and costs, to reverse which defendant took this appeal.

The special findings of the jury upon all questions of fact which defendant, by virtue of the statute, had the right to have submitted to them, were not inconsistent with the general verdict. No point is made touching the instructions to the jury, nor is it claimed the damages recovered were excessive. But it is contended on behalf of appellant:

1st. Plaintiff can not recover because he acquired the property in which the injured crops were growing, and planted the crops, long after the trestle had been filled, and the land on north side of the track filled by the deposits up to the level of track.

2d. The statute of limitations pleaded was a complete bar to the action.

3d. The declaration alleges the backwater was caused by the filling of the trestle, but the evidence shows it was caused by deposits which had filled up the ground north of railroad track; hence the case made by the evidence is not the one stated in the declaration. The third point is not supported by the record, and the first and second points will be briefly discussed together.

From the evidence the jury could properly find that, at the time defendant's road was built, about 1855, a trestle was constructed in its road over the south branch of a creek which forked south of appellee's premises, the other branch running northwest; that sufficient space was afforded by this trestle to permit the water of the creek which found a southerly outlet, to pass; that this trestle was maintained until the year 1870, and was then filled up and closed by appellant with a solid embankment; that the north branch of said creek was and has always been of insufficient capacity in time of freshet or high water to carry off the water which would and naturally should find its outlet through the channels of said creek; that since said trestle was closed, appellant repeatedly raised its embankment, and on more than one occasion since 1855, to prevent the water from running over it south, which it did in places until the embankment was so raised; that plaintiff knew the condition of the embankment and the danger of overflow upon his land by reason thereof. When he took possession in the spring of 1888, and before putting in his crop, he and others notified defendant there was danger of backwater, and to open the original trestle it had closed up, which it failed to do; that by reason of the continuous raising and maintaining of this solid embankment the land of appellee was overflowed, and thereby his crops were injured and damaged as alleged.

The appellant, when its road was constructed, left ample space for the natural flow of water south through its right of way, and in this regard performed the legal duty of building its road in a reasonably proper and skillful manner, so as to avoid the infliction of all loss and injury not *necessarily* resulting from a proper construction of the road. In this condition the road was maintained for fifteen years, and then the space left for the natural flow of water was filled in and closed. A dam was thus created by the embankment, and from time to time was increased in height, thereby necessarily and wrongfully increasing the volume of backwater when heavy rains or freshets occurred, and causing an overflow of water covering a large extent of country. To so maintain

this dam or bank and thus obstruct the natural flow of water, was a violation of a public duty and an invasion of private rights, creating a liability for damages to the persons injured thereby. And even if appellee, at the time he entered, knew the condition of the embankment and the probable danger of overflow upon his land if it was maintained in such condition, he was not bound to assume that appellant would continue to maintain the nuisance after notice, nor was he bound to refrain from putting in a crop upon his land because of such knowledge. The doctrine announced by our Supreme Court in O. & M. Ry. Co. v. Wachter, 123 Ill. 440, approved in the case of C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112, supports our conclusion that appellee can maintain his suit against appellant for the injury and damage occasioned as averred in his declaration, and if he can, the statute of limitations created no bar, because he brought his suit within the period of five years next after his cause of action accrued.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*