## St. Louis, Alton & Terre Haute Railroad Company

### v.

### William Claunch.

*Railroads—Negligence of—Flowage of Farm Lands—Embankment—Jury—View by—Evidence—Instructions—Practice.*

1. Whether or not the jury in a given case shall be allowed to visit the scene of a given injury, lies within the discretion of the court.

2. In an action brought to recover from a railroad company, damages for injury to his land and crops by an overflow of water alleged to have been caused by the negligence of said company in failing to keep open a culvert

and ditches on its right of way, and permitting the same to fill up and pre-
vent the water from running off the land of appellee, this court declines, in
view of the evidence, to interfere with the judgment for the plaintiff.

3. To maintain such an obstruction is a violation of a public duty and an
invasion of private rights, creating a liability for damages to persons injured
thereby.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Jackson County; the
Hon. ROBERT W. McCARTNEY, Judge, presiding.

Mr. F. M. YOUNGBLOOD, for appellant.

Mr. W. A. SCHWARTZ, for appellee.

GREEN, P. J.   This suit was brought by appellee to recover
damages for injury to his land and crops by an overflow of
water caused by the negligence of appellant in failing to keep
open a culvert and ditches on its right of way, and permitting
the same to fill up and prevent the water from running off
the land of appellee.   Verdict and judgment for plaintiff for
$80.   An examination of the evidence satisfies us the jury
were justified in finding defendant guilty of the negligence
and resulting injury to plaintiff, as charged in the declaration.
The damages assessed were not excessive.   It appears when
appellee bought and entered into possession of this land, that
part north of the railroad was sufficiently drained by ditches
and a culvert, put in to supply the place of a natural drain,
filled up by the embankment or road-bed of the railroad; that
these ditches and this culvert were permitted by defendant to
be filled up after it got possession of and operated the road,
and the flow of water from the said land on north side of
railroad was stopped and plaintiff's land was inundated by the
water thus backed up upon it.   To maintain such an obstruc-
tion was a violation of a public duty by appellant and an
invasion of private rights, creating a liability for damages to
persons injured thereby.   O. & M. Ry. Co. v. Singletary, 34
Ill. App. 425.   Appellant's counsel contends that a right of

action accrued to the grantor of appellee to recover damages for the location and construction of this railroad as built, with a road-bed and under it a culvert, supposed to be sufficient to carry off the water; that it continued and was in substantially the same condition when this suit was brought; and before plaintiff could rightfully recover he must show that the conduct and management of defendant, since it took possession of the road, has been such as to produce absolutely the injury complained of.

As before intimated in this opinion, we think the evidence furnishes this essential proof. In O. & M. Ry. Co. v. Wachter, 123 Ill. 440, cited by appellant's counsel, the quotation— "All special damages, present and prospective, to the owner of lands, resulting or to result from the proper construction, maintenance and operating of a railroad under the laws of this State, constitute as to such land owner one single indivisible cause of action, which may be enforced under the Eminent Domain Act, or any other appropriate form of action, and where such right of action has once accrued by the location and construction of a railroad, and the owner of the land injured or damaged thereby conveys it to another, the latter can maintain no action for any damages which he may subsequently sustain, which might have been anticipated and allowed as prospective damages in any suit which the grantor might have brought in his own name," is followed by this language, omitted by counsel in the printed argument: "But this court has never held, nor is it prepared to hold that a railroad company is not liable for damages resulting from its negligence either in the construction, maintaining or operating its road," and it is also said in the opinion: "To maintain an embankment of the road in a condition that does not provide efficient means for the escape of water, and thereby cause overflow of vast bodies of land, which might be fully protected by building and maintaining proper culverts, is not only a violation of a public duty, but it is a direct violation of the private rights of owners of lands, thus constantly menaced by overflow which could never reach them if the road-bed was properly constructed." The same doctrine is announced in

O. & M. Ry. Co. v. Ramey, 28 N. E. Rep. 1087; Same v. Elliott, 34 Ill. App. 589. The refusal of the court to send the jury upon the premises in charge of an officer is assigned for error. This was a matter of discretion to be determined by the court, and no abuse of that discretion appears. We find no substantial error in giving plaintiff's instructions complained of, and taken in connection with those given on behalf of defendant, the jury were not misled or misdirected as to the law. The separation of one of the jurors from his fellow-jurors is also urged as a reason for reversing, but an examination of the affidavit fully discloses how this occurred, and that appellant was not in any way prejudiced or injured thereby. Believing that the verdict and judgment was right, and was warranted by the evidence and the law applicable thereto, the judgment is affirmed.

*Judgment affirmed.*