OHIO & MISSISSIPPI RAILWAY COMPANY

v.

CHARLES THILLMAN.

*Railroads—Negligence—Flooding of Farm Lands—Solid Embankment —Evidence—Instructions—Extraordinary Flood.*

1.  A railroad company is bound to bring to the construction of its works a degree of engineering skill that will permit no negligent and improper construction.

2.  The common law duty of a railroad company is to so construct its road, where it crosses a water-course, as not to impair the usefulness thereof.

3.  Such duty is a continuing one, and each overflow caused by the negligence or want of skill of the company, creates a new cause of action for damages suffered, and this is so, although the party injured acquired his interest after the creation of the obstruction.

4.  It is for the jury to determine from the evidence whether a flood was an extraordinary one, but the court may give the jury a legal test by which to apply the evidence and determine the fact.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Messrs. TURNER & HOLDER, for appellee.

Phillips, P. J.   This is an action to recover damages for flooding lands and destroying crops, resulting from constructing and maintaining a solid embankment obstructing the natural flow of water.   The facts of the case with reference to the embankment and the flooding of lands by reason of its construction, are the same as in the cases of O. & M. Ry. Co. v. Elliott, 34 Ill. App. 589; O. & M. Ry. Co. v. Singletary, 34 Ill. App. 425; O. & M. Ry. Co. v. Rainey, 39 Ill. App. 409. In this case the evidence as to the rainfall is, the same flood is alleged to have caused injury in 1885, as that in the Elliott and Singletary cases, and the same to have caused injury in 1888, as in the Rainey case.   In these cases the facts were held sufficient to warrant a verdict and judgment for the plaintiff; that the assignment of error in this case, that the verdict is contrary to and against the evidence, is not sustained. Objection is made to the instructions given for the plaintiff, which are :

1.   "The court instructs the jury that it is the duty of a railroad company so to construct and maintain its road across streams and natural water-courses which it intersects as to inflict no injury upon adjacent lands."

2.   "The court further instructs the jury that this duty is a continuing one, and that each overflow caused by the negligence or want of skill of the company creates a new cause of action for damages to the crops or other property of the rightful possessor of the lands overflowed, although the plaintiff acquired his interest after the creation of the obstruction; and if the jury believe from the evidence that a portion of the water of the 'Little Canteen Creek' naturally flowed south across the right of way of the defendant prior to the filling up of the trestle, and would still continue to do so excepting for the obstruction of the embankment complained of, then they must find for the plaintiff, giving such damages as the jury can say from the evidence that he has sustained, if they further believe from the evidence that he has sustained damage by reason of said embankment and partial obstruction of the flow of the water aforesaid."

3.   "The court instructs the jury that floods which occur

as much as twice in five years are not, in law, such extraordinary floods as will prevent a recovery of damages caused by such floods from the person or persons who by negligent or unlawful acts contribute to such overflows."

A railroad company is bound to bring to the construction of its works a degree of engineering skill that will permit no negligent and improper construction. It is said in C. B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112, "The statute giving the right to cross streams of water requires the company to restore the stream to its former state, or so as to leave its usefulness unimpaired. This makes it necessary to have the channel as free and unobstructed as it was before." The common law duty owing by the defendant is to so construct its road where it crosses a water-course, as not to impair the usefulness of such water-course. The facts before the jury were as to the construction of a solid embankment across a natural water-course, and under these facts the first instruction was not erroneous; the second instruction is based on the same facts and states a correct rule as to a continuing duty. Objection is made to the third instruction, and it is urged that the court should not have defined an extraordinary flood. It is for the jury to determine from the evidence whether a flood is an extraordinary one, but the court may give the jury a legal test by which to apply the evidence and determine the fact. We are not disposed to hold the rule given was an improper one. The judgment is affirmed.

*Judgment affirmed.*