San Antonio and Aransas Pass Railway Company v. James W. Dickson et al.

Decided February 28, 1906.

**1.—Railway—Negligent Construction—Peremptory Charge.**

The evidence in this case held not to warrant a peremptory instruction for defendant on the ground that no negligence in the construction of its road-bed had been proven.

**2.—Railway Construction—Negligence—Charge.**

An instruction in an action for damages to land caused by improper and negligent construction and maintenance of roadbed in various particulars should not preclude recovery by reason of failure of proof to establish one only of the series of negligent acts complained of.

**3.—Railway Embankment—Negligence—Charge.**

A charge that the plaintiff can not complain of a negligent construction of a solid embankment which benefited rather than injured his land during its continuance was properly refused when plaintiff's claim was of a negligent construction which caused injury only after the embankment failed to furnish such protection.

**4.—Charge—Weight of Evidence.**

A requested instruction limiting plaintiff's 'right to recover, held to be on the weight of testimony by intimating a doubt as to plaintiff's right to

recover at all, and erroneous as denying his right to recover upon a theory of the case which was supported by evidence.

**5.—Railway Embankment—Overflow—Purchaser After Construction.**

The owner of land may recover for damages thereto by overflow caused by negligent construction of a railway embankment, though he bought after the construction.

**6.—Overflow—Damages—Land—Crops.**

The same result is reached, and without error, where the jury, as directed by the charge, find separately the damage by overflow to plaintiff's growing crops and that to the land · independently of the crops, as where the entire damage is assessed as damage to the land.    •

Appeal from the District Court of Lee County. Tried below before Hon. Ed. R. Sinks.

Charge No. 1 requested by the appellant reads as follows: "In this case you are charged if you believe from the evidence that the defendant was negligent in constructing a solid embankment from the north bank of the Yegua to the foothills, but if you believe from the evidence that said embankment was a benefit to the plaintiff, then the plaintiff can not complain of such construction."

Charge No. 4, requested by the appellant, was as follows: "The defendant at the most can only be liable for the immediate injuries sustained by the plaintiff by the water that passed out of the washout. And if you believe from the evidence that the water soon after passing through said washout struck the hill or highland and the course of said water was deflected or changed, then the defendant would not be liable for such subsequent damages that the water would do after its course had been changed."

Special charge No. 10, requested by the plaintiff, refusal of which is complained of in his fifth assignment, reads as follows: "You are instructed in determining the liability of the defendant that it is immaterial when plaintiff acquired the land in controversy, whether it was acquired prior to or since the construction of the defendant's railroad makes no difference."

*Q. U. Watson, J. F. Walters* and *J. T. Duncan,* for appellant.

*Rogan & Simmons,* for appellee.

EIDSON, Associate Justice.—This is a suit brought in the court below by the appellee against the appellant for damages caused by the alleged negligence of the appellant in the construction of its roadbed and stock gap where its road crosses a stream known as the Middle Yegua. The trial before the court and jury resulted in a verdict and judgment in favor of appellee for $750, as damages to his land, and $100 as damages to his crop.

Appellant's first assignment of error complains of the refusal by the court below to give to the jury its special charge No. 2, which is a peremptory instruction to the jury to find in favor of appellant, upon the ground that there is no evidence tending to prove the allegations of

negligence contained in the petition of appellee. We do not think there was any error in this action of the court below. The negligence charged in the petition is, in substance, that appellant, in the construction of its road and roadbed across the valley and channel of the Middle Yegua, negligently failed to construct or leave open the necessary culverts and sluices required by the natural lay of the land for its drainage and to maintain same, and that in the construction of its stock gap in said embankment and roadbed, ·it negligently constructed same so as to weaken said embankment to such an extent that it gave way and permitted the water to flow upon appellee's land; and that appellant had negligently failed and refused to repair such break or opening in its said embankment, and that the injuries to appellee's land and crops were the direct and proximate result of such acts of negligence. While there was a conflict in the testimony upon the issues raised by the allegations of appellee's petition, in our opinion, it clearly appears from the evidence embraced in the record that there was ample testimony to justify the court below in submitting the case to the jury for their determination.

Appellant's second assignment of error complains of the refusal of the court below to give to the jury its special charge No. 3, which is as follows: "If you believe from the evidence that the defendant was negligent in the construction of the stock gap in question, still if you believe from the evidence that when the stock gap was constructed the defendant could not have reasonably foreseen that the injury complained of by plaintiff would have occurred, then you will find a verdict for the defendant."

As above stated, the negligence in constructing the stock gap is only one act in a series of acts of negligence charged against appellant; and this charge ignores appellant's liability and appellee's rights, in the event the other acts of negligence charged are proven, and appellee's damages shown to have resulted from them. And, besides, insofar as this requested charge embodied a correct principle of law as applied to any facts proven in this case, the same was covered by the general charge of the court. (Gulf, C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 501, 502; Gulf, C. & S. F. Ry. Co. v. Holliday, 65 Texas, 519; Texas & Pac. v. Whittaker, 11 Texas Ct. Rep., 249.; San Antonio & A. P. v. Gurley, 11 Texas Ct. Rep., 361.)

There was no error in the refusal of the court below to give to the jury appellant's special charge No. 1. The fact that appellant's embankment, up to the time of the overflow involved in this suit, furnished some protection to appellee's land and crops would not relieve appellant from liability for injuries that did result when the embankment failed to furnish such protection, if such failure was caused by the negligent construction of said embankment itself, or in connection with other parts of its road or roadbed at the point in question. Hence we overrule appellant's third assignment of error.

There was no error in the refusal of the court below to give appellant's special charge No. 4 to the jury. The first part of this charge is upon the weight of the testimony, as it intimates a doubt upon the part of the court of appellee's being entitled to recover any amount in the suit; and the latter part of the charge ignores appellee's right to

recover if the water, although deflected by the hill, passed over and injured his land and crops. If this part of the charge had instructed the jury that if the water had been so deflected or·changed by the hill that it did not pass upon or over appellee's land, appellant would not be liable for any injury except that caused, if any, before such deflection, it would have been proper for the court to give it.

The charge complained of by appellant's fifth assignment of error was properly given by the court. (Gulf, C. & S. F. Ry. Co. v. Provo, 84 S. W. Rep., 275.) The fact that the embankment had afforded protection to the land prior to and at the time of its purchase by appellee, and at the time that he purchased same he believed it would continue to do so, would not defeat his right to recover for damages to his land or crops caused by the failure of the embankment to protect them, if such failure resulted from the negligence of appellant in the construction of said embankment as a part of its roadbed.

For the reasons already stated, we overrule appellant's sixth assignment of error.

Appellant's seventh assignment of error complains of the charge of the court relating to the measure of appellee's damages on account of injuries to his growing crops upon the land overflowed; appellant's contention being (1) that the evidence shows that appellee's crops would have been injured independent of appellant's roadbed or embankment; and (2) growing crops being a part of the realty, the damage to them would be included in the damage to the land. In our opinion, the charge complained of was authorized by the pleadings and evidence. There was evidence tending to show damage to the land independent of the crops, and also damage to the crops independent of the land; and, while the jury might have found a verdict for damage to the land including in the amount the damage to the crops, their finding separate amounts, in view of the evidence, was not prejudicial to appellant, and in arriving at the full amount of damage to the land the jury were authorized to take into consideration the injury to the land itself, independent of the growing crops, and also that to the growing crops. (San Antonio & A. P. v. Kiersey, 81 S. W. Rep., 1045; Id., 86 S. W. Rep., 744; Gulf, C. & S. F. Ry. Co. v. Pomeroy, supra.)

Appellant's eighth and ninth assignments of error are overruled. As before stated, appellee's petition charged negligence against appellant in failing to properly construct its road and roadbed across the valley and channel of the Middle Yegua, and in failing to construct the proper culverts and sluices to drain the land, according to its natural·lay; and, in our opinion, the evidence is sufficient to support these allegations and the finding of the jury as shown by their verdict.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.