# Birmingham Water Works Co. v. Ferguson.

## Assumpsit.

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909. 51 South. 150.)

1. *Damages; Objections; How Raised; Assumpsit.*—It matters not what damages are alleged in a complaint in assumpsit; if they are not recoverable, that question may be raised by objections to testimony seeking to establish same, or by requested charges eliminating them from the consideration of the jury.

2 *Same; Breach of Contract; Measure.*—In estimating damages for the breach of the contract only such damages should be awarded as were within the contemplation of the parties when the contract was made and which naturally flow from the breach thereof; accidental consequences not likely to ensue upon the wrong are generally too remote to be the foundation for recovery on breach of a contract.

3. *Water and Water Courses; Contract to Supply; Damages for Breach.*—Where the action was against a water company for a breach of the contract to supply water to plaintiff at his residence, and the shutting off of the supply for thirty hours, the inconvenience of obtaining water was a physical inconvenience flowing immediately from the breach of the contract and within the contemplation of the parties to the contract as a probable result of the breach, and when coupled with proof of pecuniary loss form an item of recoverable damages.

4. *Same; Instructions.*—As there is no substantial difference between inconvenience. and annoyance, it is not error to charge that plaintiff could recover for inconvenience and annoyance caused by the breach of the contract of the water company to supply plaintiff water at his residence which was breached by cutting off the supply for thirty hours.

5. *Same.*—Where the action was against a water company for breach of an alleged oral contract to supply plaintiff with water at his residence, the question of the existence of the contract was properly submitted to the jury.

[Birmingham Water Works Co. v. Ferguson.]

6. *Same; Contract; Proof; Variance.*—Where the action was against a water company for breach of the contract to supply water to plaintiff at his residence and it was averred that defendant was engaged in the water supply business and had undertaken to supply water to the city for public use and to the inhabitants thereof for private consumption, it was not necessary to show the written contract as to relation between the water company and the city in respect to supplying water, if there was such a contract, since it was collateral to the contract alleged to have been breached, and parol evidence that defendant was supplying water and was the only water company in the city which did, was competent and relevant.

7. *Evidence; Opinion.*—Where the action was against the water company for breach of its contract to supply plaintiff at his residence with water, the breach alleged being that the water was cut off for thirty hours, a question to plaintiff "were you put to any inconvenience by having your water shut off" called for a conclusion; but was harmless since the witness answered the question categorically, and immediately detailed the facts upon which the answer was based, and hence there was no error prejudicial to defendant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. W. Ferguson against the Birmingham Water Works Company for breach of contract to supply water at his residence. Judgment for plaintiff and defendant appeals. Affirmed.

LONDON & FITTS, for appellant. It was for the jury to determine whether there was a contract, and the court erred in stating that the plaintiff had shown a contract with the defendant.—*Hare v. Little,* 28 Ala. 236; *Furham v. Mayer,* 54 Ala. 263; *McIntosh v. The State,* 140 Ala. 137. The allegation was that the defendant had promised or agreed to furnish water for public use.— *Eastman v. Anthony,* 93 Ill. 599. This was necessary to be proven.—1 Chitty on Pleadings, 301. The plaintiff was not entitled to recover for inconvenience from the breach of the contract.—1 Sedgwick on Damages, Sec. 47. The question called for a conclusion and besides it is not competent to prove by a party that he suffered mental distress.—*City Nat. Bank v. Jeffries,* 73 Ala. 183, and cases there cited; *Turner v. Great Northern,*

[Birmingham Water Works Co. v. Ferguson.]

55 An. St. Rep. 883. The court erred in its charge as to the measure of damages.—13 Cyc. 135; *Culver v. Hill,* 68 Ala .66; *Burton v. Henry,* 90 Ala. 281; *Southern Ry. Co. v. Coleman,* 44 South. 837; *W. U. T. Co. v. Ayres,* 131 Ala 391; *W. U. T. Co. v. Westmoreland,* 44 South. 382. Inconvenience and annoyance are not the subject of compensation for the breach of a contract.—*Bullock v. Ferguson,* 30 Ala. 231; *Jenson v. Railroad Co.,* 22 L. R. A. 680; 1 Sedg. on Dam., Secs. 42 and 47, and authorities supra. It is the clear duty of the plaintiff to prevent loss if he could do so by reasonable expenditure, and he should have paid the $2.00 demanded, in which event, the defendant would not be liable for any more than the additional expense incurred.—*Watson . v. Kirby,* 112 Ala. 445; *Dickerson v. Finley,* 48 South. 548; *McWethy v. R. R. Co.,* 55 L. R. A. 306; 1 Sutherland on Dam., Sec. 88, et seq

C. D. RITTER, and FRANK S. WHITE & SONS, for appellee. The court did not err in denying defendant's motion to exclude the answer to the question as to what inconvenience plaintiff suffered by having his water cut off.—*W. U. T. Co. v. Rowell,* 45 South. 81; *K. C. M. & B. v Foster,* 134 Ala. 258; *M. R. R. Co. v. Clifton,* 80 S. W. 286; 1 Suth. on Dam., Secs. 49, 57, 92; 3 Id. Sec. 865. If it may be said to be a conclusion, it was harmless for plaintiff immediately stated the facts upon which the conclusion was based.—*Freeman v .M. G. L. Co.,* 56 S. E. 61. It is settled in this state that where actual damages may be recovered for breach of a contract, damages for mental suffering may be added and recovered for.— *W. U. T. Co. v. Rowell, supra; Blount v. W. U. T. Co.,* 126 Ala. 105; *W. U. T. Co. v. Waters,* 139 Ala. 656. The contract to furnish water for the public is collateral, and hence, the evidence was competent and relevant.—

*Freeman v. M. G. L. Co. supra; Dehart v. Hand,* 126 Ind. 378. The insistence that plaintiff should have diminished his damages by paying the two dollars is not tenable.—*St. L. A. & T. Co. v. Mackey,* 1 L. R. A. 667.

DENSON, J.—This is an action in assumpsit by the plaintiff against the defendant, Birmingham Waterworks Company, for the breach of an alleged contract between the parties whereby, it is averred, the defendant agreed to supply plaintiff water at his residence, No. 2423 Fourth avenue, at the rate of $5.50 a quarter, payable in advance at the beginning of each quarter. The breach alleged, is, that on, to wit, the 25th day of July, 1906, the defendant's agent, without excuse for so doing, and while plaintiff was absent from his home cut off plaintiff's supply of water, and kept it off for, to wit, 30 hours. The principal point presented for decision by this appeal involves the measure of damages.

In cases of this nature, it matters not what damages are alleged or claimed in the complaint. If they are such as are not recoverable in the action, that question may be raised by objections to testimony offered to prove them, or by charges requesting their exclusion from the consideration of the jury. The plaintiff, over the objections of the defendant, was allowed to prove that by reason of the cutting off of the water he was put to great inconvenience, that he could not cook for want of water, that he had to go to a neighbor's for water, and that he was deprived of the use of the bath tub and of the water-closet, "which got into bad fix and made quite a stench."

The court, moreover, charged the jury as follows: "I charge you, further, that if the plaintiff suffered inconvenience and annoyance from the wrongful cutting off of the water, he is entitled to recover damages from such

inconvenience and annoyance, if such damages were in contemplation of the parties for the breach of the contract at the time it was made, if it was made." Again, the court charged the jury as follows: "If the nature of the contract was such that a breach of it would cause the plaintiff inconvenience and annoyance, and these were naturally incident to the breach of it, and these facts were known to the parties to the contract at the time of making it, then the plaintiff upon such breach would be entitled to recover damages for such inconvenience, annoyance, and discomfort as he may have suffered."

One of the cardinal rules for the estimation of damages for the breach of a contract is: Only such damages should be awarded as naturally result or flow from the breach, and which are within the contemplation of the parties at the time the contract is made. "We have a class of cases where the rule is laid down that, in actions to recover for the breach of a covenant or a stipulation in a contract, the measure of recovery is the actual injury caused by the breach; and this is the general measure of damages for the breach of the contract." "That the injury must be the natural and proximate result of the breach of the contract" is also a fundamental rule. "Accidental consequences, not likely to ensue from the wrong done, are generally too remote to be the foundation of a recovery."—*Culver v. Hill,* 68 Ala. 66, 44 Am. Rep. 134; *Burton v. Henry,* 90 Ala. 281, 7 South. 925.

The telegraph cases referred to by counsel for appellee, in which we have held that mental anguish is an element of damage, are a class to themselves, as are also cases for breach of promise to marry. In the telegraph cases, severally, the message which the telegraph company contracted to transmit was between persons of a close degree of relationship, and related to exceptional

events, such as sickness or death, or between persons so related that a failure to deliver the message obviously comprehended mental distress and anguish, in which respect damages were held to be recoverable, because within the contemplation of the parties. So these cases are not entirely apt as authority upon the question we have in hand.—*W. U. T. Co. v. Westmoreland,* 151 Ala. 319, 44 South. 382. The case last cited was an action in tort, for the failure to deliver what is termed a "social message," sent by a sister to her brother, requesting him to meet her at the train. This court held that the damages should be estimated as for a breach of contract, that the message did not relate to matters which would bring within the contemplation of the parties to the contract the idea of mental anguish as the result of a possible failure to deliver, and, consequently, that there was no right to recover therefor.

Another case cited by appellee, *Freeman v. Macon Gas, Light & W. Co.,* 126 Ga. 843, 56 S. E. 61, 7 L. R. A. (N. S.) 917, is not decisive of the question. This was a case in which the petition "set forth a cause of action in tort, and the particular tort alleged was a willful breach by the defendant company of a public duty which it owed to the plaintiff as a consumer of the water it undertook to supply to the inhabitants of the city," and was not for a breach of contract at all. It was held in that case that the plaintiff had no right to damages for any injury or inconvenience the members of his family may have suffered, independent of those which he sustained, as a consumer, in being deprived of his means of providing himself and his household with water for domestic purposes.

Appellee also refers to section 865, p. 2586, Sutherland on Damages. The text referred to is a quotation from an Indiana case (*Moyer v. Gordon,* 113 Ind. 282,

288, 14 N. E. 476), which was also a tort action. In this connection it may be well to advert to the distinction between the rules for the admeasurement of damages in actions ex delicto, and those in actions ex contractu. "It has come to be the well-settled rule of damages for breach of contract that the damages recoverable for a breach of contract are such as may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract as the probable result of a breach. Other damages are too remote. In this lies the distinction between damages for breach of contract and damages for tort; the rule as to tort being that the injured person may recover for all detriment proximately caused thereby, whether it could have been anticipated or not." This rule was enunciated in the leading case of *Hadley v. Baxendale*, 9 Exch. 341, which has been accepted and followed by this court.—*Daugh- tery v. American Union Tel. Co.*, 75 Ala. 168, 51 Am. Rep. 435; 1 Sutherland on Damages (3d Ed.) § 45.

Judge Sutherland, in the section of his book cited above, says: "Whatever foresight, at the time of the breach, the defaulting party may have of the probable consequences, he is not generally for that reason held to any greater responsibility. He is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts, and were within the contemplation of the parties when the contract was entered into as likely to result from its nonperformance. Those damages which arise upon the direct, necessary, and immediate effects are always recoverable, because every person is supposed to foresee and intend the direct and natural results of his acts, and those which ensue in the ordinary course of things, considering the particular nature and subject-matter of the contract. It is conclusively presumed that a party violating his con-

[Birmingham Water Works Co. v. Ferguson.]

tract contemplates the damages which directly ensue from the breach."

Now, considering the peculiar nature and subject-matter of the contract in hand, an agreement to supply water to a person in his house, and applying the rule above stated, the court is of the opinion, and therefore holds, that inconvenience in obtaining water, resulting from the shutting off of the supply to the plaintiff's dwelling, as described in the plaintiff's testimony, such as the loss of the use of the bath tub, having to carry water from his neighbor's house for drinking and cooking purposes, may be denominated real physical inconvenience, flowing immediately out of the breach of the contract complained of, and should be taken to have been within the contemplation of the parties as a probable result of the breach—that is, according to the usual course of things—and, therefore, that it, in connection with proof of pecuniary loss, forms an item of recoverable damages in this action.—*Detroit Gas Co. v. Moreton Truck Co.,* 111 Mich. 401, 69 N. W. 659. But, in the opinion of the writer (concurred in by Justice AN-DERSON), annoyance involves mental distress or disappointment of mind, and that, too, connected with the breach, not immediately, but as a consequence of the inconvenience in procuring the water, and therefore does not form an element of recoverable damages.—Century Dict.; *Hobbs et ux. ex. London, atc. Ry. Co.,* 10 L. R. (Q. B.) 111; *Walsh v. Chicago, etc., Co.,* 42 Wis. 23, 24 Am. Rep. 376; *Brown v. Chicago, etc., Co.,* 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41.

However, the majority of the court, consisting of the CHIEF JUSTICE, and Justices McCLELLAN, MAY-FIELD, and SAYRE, are of the opinion that there is no substantial distinction between inconvenience and annoyance, and that annoyance may be considered in esti-

[Birmingham Water Works Co. v. Ferguson.]

mating the damages; and they hold that there is no error in the charge of the court   The CHIEF JUSTICE and Justice SAYRE are also of the opinion that neither inconvenience nor annoyance involves mental anguish, but that either is rather to be considered as an obvious consequence of the breach of the contract and within the contemplation of the parties.   Justice SIMPSON holds to the opinion that neither inconvenience nor annoyance should be considered as an element of damages in this action, and that the only legitimate item of recoverable damages here is the amount ($2) demanded by the defendant and paid by the plaintiff in excess of what plaintiff claimed the contract called for.

It may be that the form of the question, "Were you put to any inconvenience by having your water cut off?" is subject to the objection that it called for an opinion or conclusion of the witness (*Hames v. Brownlee*, 63 Ala. 277); but that objection was not made to it, and the objections that were interposed were inapt.   However, even if the objection that the question called for the opinion or conclusion of the witness had been made and overruled, it appears by the record that, while the witness did answer the question categorically, at the same time he immediately detailed, in connection with that answer, the facts upon which the answer was based. The court committed no error in overruling the objection assigned to the question.

The contract for the breach of which recovery is sought is laid in the complaint as one entered into between the plaintiff and the defendant, and we do not think that the record shows a fatal variance between the contract alleged and the proof.   The averments in the complaint in respect to defendant's being engaged in the water supply business, and that it had undertaken to supply water to the city of Birmingham for public

use, and to the inhabitants thereof for private consumption, did not render it necessary to show by the written contract the relation between it and the city in respect to supplying water, if such a contract there was. It was incidental and collateral to the contract averred between the plaintiff and the defendant, alleged to have been breached; and parol evidence that the defendant was supplying the water, and was the only water supply company in the city, was competent and relevant.

If the plaintiff had contracted with the defendant as alleged, he might recover for the $2, additional to the contract price, paid to the defendant to secure the supply of water; and the court committed no error in so charging the jury.

Whether or not the contract existed depended upon oral testimony, and it was a proper question for the determination of the jury. The court committed no error in refusing the general charge requested by the defendant, nor in overruling the motion to dismiss the case for want of jurisdiction.

This disposes of all errors assigned and insisted upon; and, in accordance with the views of the majority of the court, there is no error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN, MAYFIELD, and SAYRE, JJ., concur. SIMPSON, ANDERSON, and DENSON. JJ., dissent.