# Liles v. Montgomery Traction Co.

## Damages for Injury to Passenger.

(Decided February 6, 1913. 61 South. 480.)

1. *Appeal and Error; Review; Discretion.*—Where the quantum of damages is not susceptible of an exact pecuniary estimate, the amount to be allowed is a matter of discretion for the jury, and the court will not set aside its award merely because the court thinks that the jury gave too much or too little.

2. *Same; Damages.*—A judgment assessing damages for personal injury should be set aside for inadequacy, if it is shown that as a result of the injury, plaintiff has suffered damages susceptible of exact pecuniary measurement in an amount in excess of the verdict.

3. *Damages; Inadequacy; Personal Injury.*—In an action for injury to plaintiff's ankle, a verdict allowing $1,000, was not, under the evidence, so inadequate as to authorize setting it aside as an abuse of the jury's discretion.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by M. T. Liles against the Montgomery Traction Company, for adamages for injuries sustained while a passenger. Judgment for plaintiff awarding insufficient damages and he appeals. Affirmed.

LETCHER, McCORD & HAROLD, and HILL, HILL, WHITING & STERN, for appellant. The damages were inadequate, and the court should set them aside.—13 Cyc. 135; 68 Miss. 336; 52 Ill. App. 346; 40 N. Y. 551; 2 Ed. Smith, 349; 53 S. W. 897; 88 Hun. 109; 58 N. J. L. 426; 33 Atl. 950. That the verdict was inadequate, see the following cases.—49 South. 704; 53 South. 532; 55 South. 732; 55 South. 741; 54 South. 963; 52 South. 1025; 122 Mo. App. 529.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. The matter of assessment of damages where there is no exact

pecuniary standard, is within the discretion of the jury, and their verdict will not be set aside merely because the court thinks them too large or too small.—*Mosely v. Jamison*, 8 South. 745; *Nat. Sur. Co. v. Mabry*, 139 Ala. 217; *C. of Ga. v. White*, 56 Ala. 574. Under the evidence and these authorities, the court will not disturb the verdict, but will affirm the case.

WALKER, P. J.—In March, 1911, the plaintiff (the appellant here) sustained personal injuries as the result of his being thrown from a street car of the defendant upon which he was a passenger in consequence of the excessive speed at which the car turned a curve at or near the place at which the plaintiff expected to get off. In October, 1911, he had verdict and judgment for $1,000 as compensatory damages for his injuries. This appeal presents for review the action of the trial court in overruling plaintiff's motion to set aside the verdict and grant a new trial. The complaint against the verdict which is sought to be sustained is that its award of damages was grossly inadequate.

In a very recent case (*Central of Georgia Ry. Co. v. White*, 175 Ala. 60, 56 South. 574) the Supreme Court had occasion to state some of the rules by which appellate courts should be guided in reviewing decisions of trial courts in such matters. The opinion in that case quoted with approval part of the following statement found in 8 Am. & Eng. Ency. of Law (2d Ed.) 628: "Where damages are susceptible of pecuniary estimate, and can be assessed with reference to or even limited by fixed standards and established values, the question of their excessiveness or inadequateness is not usually one of difficulty. But when the damages cannot be estimated in this way the question is not so easily decided. As the quantum of damages is in such cases a matter of

discretion for the jury, the trial court will not set aside a verdict for damages merely because of its opinion that the jury gave too much or too little. And, when a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below. To such an extent is the measure of recovery, when not susceptible of a pecuniary estimate, deemed a matter of discretion for the jury, that the universal rule is that a judgment will not be reversed on this ground, alone, unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, partiality, or corruption on the part of the jury." And in the course of the opinion rendered in the case referred to it was said: "If we can reasonably do so, we are bound to attribute the size of the verdict to the effect of the evidence, rather than to passion, prejudice, or other improper mental attitude of the jury."

It is urged in behalf of the appellant that the amount of the verdict shows conclusively that there was a failure on the part of the jury to give due consideration to some of the elements of damage shown by uncontroverted evidence in the case; and in this connection the following expression found in the opinion in the leading case of *Phillips v. Southwestern Railway Co.,* 4 Queen's Bench Div. 406, is quoted: "But we think that a jury cannot be said to take a reasonable view of the case unless they consider and take into account all the heads of damage in respect of which a plaintiff complaining of personal injury is entitled to compensation. These are the bodily injuries sustained, the pain undergone, the effect on the health of the sufferer, according to its degree and probable duration as likely to be temporary or permanent; the expenses incidental to attempts to effect a cure, or to lessen the amount of injury; the

pecuniary loss sustained through inability to attend
to a profession or business, as to which, again, the in-
jury may be of a temporary character, or may be such
as to incapacitate the party for the remainder of his
life." The contention in behalf of the appellant is that
it is manifest from the record, not only that the jury did
not take into account all the heads of damage in respect
of which the evidence in the case showed that he was
entitled to compensation, but that the verdict was for
less than the amount of damages susceptible of definite
pecuniary measurement which the evidence showed that
he had sustained. The following statement is made in
the argument of his counsel: "Plaintiff's doctor's bill
and loss in salary up to the time of the trial were, it
will be seen, considerably more than the amount of the
verdict. This left plaintiff absolutely nothing for the
injuries which the testimony showed were permanent.
On the question of the plaintiff's earning capacity, no
witness was offered by the defendant to contradict his
testimony, and the jury could not reject it without some
good reason." We do not deny that the verdict should
have been set aside if it was made apparent that, as a
result of the injury complained of, the plaintiff had suf-
fered damages susceptible of definite pecuniary meas-
urement in an amount in excess of that of the verdict.
The question then is, Does the record in the case make
any such showing?

The evidence showed that the principal injury sus-
tained by the plaintiff was to one of his feet or ankles.
Three physicians as witnesses for him testified in re-
gard to the injury. They differed as to its nature and
extent. One of them stated "that so far as the strength
compared with the strength of the other foot is con-
cerned witness did not think that it would ever be as
good as the normal foot, though he thought that the

plaintiff would have a good ankle." Another of the physicians testified "that he could not tell how long it would be before the plaintiff could walk on the foot with ease and without pain." Both of plaintiff's feet were exhibited to the jury, so that they could compare the appearances and movements of the two ankles, and an X-ray photograph of the injured ankle which was taken shortly after the accident was exhibited and explained to the jury; but neither photograph nor the explanations of it are set out in the bill of exceptions. The plaintiff's testimony was to the effect that up to the time of the trial he had not been able to resume the employment in which he was engaged at the time he was hurt, and that he had incurred a doctor's bill of $165. As to the value of his time lost by the plaintiff as the result of the injury, the only evidence was that furnished by his own testimony. It cannot be said that the record shows that that evidence was such as to require a finding by the jury that the plaintiff's doctor's bill and loss in salary up to the time of the trial together amounted to more than $1,000. On his direct examination the plaintiff testified, as stated in the bill of exceptions, "that at the time of the accident he was working for Eli Lilly & Co., who are wholesale druggists, and one of the largest wholesale drug firms in the United States; that he was earning from $3,500 to $4,000 a year." In the course of his cross-examination he testified as follows: "Q. You say that Eli Lilly & Co. pay you a salary of $3,500 a year? A. Yes sir. Q. And then you make commissions on side lines of about $400 or $500 in addition to that? A. Yes, sir. Q. But your regular salary is $3,500 a year? A. Yes, sir. Q. And pay your expenses? A. Yes, sir." Under the pressure of further cross-examination, he admitted subsequently that he did not receive any regular salary at all, but was paid

only commissions on what he sold, and that out of these commissions he paid all his own expenses. He traveled over a considerable territory, and no data were furnished as to the amounts of his sales or of his expenses. Without a further discussion of the plaintiff's testimony as it is disclosed by the bill of exceptions, it may be said of it that it was such as not to negative a conclusion that the jury were justified in regarding it as failing to furnish any satisfactory showing as to what was the value of the plaintiff's time, or as being marked by such a lack of frankness and clearness, and by such contradictory and confusing statements that it was entitled to be accorded little, if any weight. If the size of the verdict can be taken as evidence that the jury, in making up their award, failed to allow any considerable sum for the pecuniary loss sustained by the plaintiff through his inability to attend to the business in which he had been engaged, such failure on the part of the jury may be attributed to the infirmities of the testimony by which the plaintiff's claim in that regard was sought to be sustained, rather than to a capricious and unwarranted disregard by the jury of the evidence adduced. The question of the weight or credibility of the evidence was one peculiarly for the jury.

As to the elements of damage in the case which were not susceptible of pecuniary measurement by any fixed standard—as, for instance, the claims based upon the suffering and physical disability, whether temporary or permanent, entailed upon the plaintiff by the injury—the jury and the trial court, with the witnesses in person before them, and having the benefit of ocular demonstrations which the record on appeal does not and cannot reproduce, had a distinct advantage over a revising tribunal. The record does not enable us to say that the size of the verdict constituted satisfactory proof that the

jury were not duly regardful of the real nature and extent of the injury and of the plaintiff's suffering as disclosed by the evidence, and that the trial court could not properly have reached any conclusion other than that the verdict was the result of passion, prejudice, or other improper influence operating upon the jury, rather than of a fair consideration of the evidence adduced. The showing made by the record does not negative the conclusion that the jury was warranted by the evidence in the case in finding that the injury was not one which was likely to disable the plaintiff for any considerable time and was not as serious as he sought to make it appear, and that he was not justly entitled to recover as compensatory damages more than $1,000.

The conclusion is that it has not been made to appear that the verdict complained of evidenced such an abuse of its discretion by the jury as to warrant this court in substituting its judgment for that of the jury and of the court below.

Affirmed.