# Central of Georgia Railway Company v. Sanders.

*Damages for Directing Passenger to Take Wrong Train.*

(Decided December 18, 1913.   64 South. 190.)

1. *Evidence; Inferences; Absent Witnesses.*—Where an absent witness for plaintiff was as accessible to the defendant as to plaintiff, and it did not appear that he knew of any material facts not known to and testified to by the plaintiff, or that his testimony would have been other than merely cumulative or corroborative, no prejudicial inferences could be drawn from a failure to produce such witness on the part of plaintiff.

2. *Damages; Excessiveness; Personal Injury.*—The amount of damages to be awarded to plaintiff for inconvenience, physical discomfort, or illness arising from the carrier's breach of contract to carry is peculiarly for the jury, and the jury's award will not be disturbed unless so excessive or so grossly inadequate as to indicate passion, prejudice or corruption.

3. *Same.*—Under the facts in this case, an award to a passenger of $300 damages was not so excessive as to indicate passion or prejudice or corruption, justifying a reversal.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Martha T. Sanders against the Central of Georgia Railway Company for damages for directing

[Central of Georgia Railway Company v. Sanders.]

plaintiff to take the wrong train. Judgment for plaintiff, and defendant appeals. Affirmed.

The charge referred to is as follows: "If the jury believe from the evidence that plaintiff had it in her power to produce her son, Robert Sanders, as a witness in this case, and if he possessed full knowledge of what occurred when plaintiff changed cars at Columbus, Ga., this, in the absence of any explanation for not procuring him as a witness, is a just ground of suspicion that his testimony would be unfavorable to her."

LONDON & FITTS, for appellant. The failure of plaintiff to produce her son as a witness was a just ground of suspicion that his testimony would be unfavorable, and the court erred in refusing the charge asserting this proposition.—16 Cyc. 1062; 20 Am. Dig. sec. 97; 8 Dec. Dig. p. 593. The damages were excessive, and should be reduced to a just, fair and equitable amount. —*L. & N. v. Sanders,* 61 South. 482; 31 S. E. 182; 53 N. E. 1024; 107 S. W. 422; 113 Pac. 268.

W. K. TERRY, and W. T. STEWART, for appellee. No unfavorable presumptions could be indulged against the plaintiff because of a failure to produce her son as a witness.—*Bates v. Morris,* 101 Ala. 282; *Brooks v. State,* 123 Ala. 24. The verdict was not so excessive as to indicate corruption, passion or prejudice, and being peculiarly within the province of the jury to determine will not be disturbed.—*Robert v. L. & N.,* 142 Ala. 226; *C. of Ga. v. White,* 56 South. 574; 8 South. 176.

WALKER, P. J.—The assignment of error based upon the refusal by the trial court to give a written charge requested by the defendant cannot be sustained. The evidence on the trial showed that the absent person

who was referred to in that charge was as accessible to the defendant as to the plaintiff, and did not show or indicate that he had knowledge of any material fact which was not known to the plaintiff, and testified to by her, or that his testimony, if offered, would not have been merely cumulative, and in corroboration of that of the plaintiff. In such circumstances inferences prejudicial to the plaintiff could not be drawn from the fact of her failure to produce such person as a witness.— *Bates v. Morris,* 101 Ala. 282, 13 South. 138; *Brock v. State,* 123 Ala. 24, 26 South. 329.

It is insisted by the counsel for the appellant that the motion for a new trial should have been granted upon the ground suggesting that the amount of damages assessed by the verdict, $300, was so excessive as to indicate ignorance, passion, or prejudice on the part of the jury. There was evidence tending to prove the following state of facts: The plaintiff, who was 62 years old, accompanied by her son, who was 38 years old, and at the time was suffering from neuralgia, bought tickets from Macon, Ga., to Birmingham, Ala., over the defendant's line, and boarded a through train for Birmingham. When the train reached Columbus, Ga., a conductor of the defendant went into the car on which plaintiff was, asked her if she wanted to go to Birmingham, and, upon her answering in the affirmative, directed her to take another train then at the station, and assisted her into a car of that train. The train which the plaintiff was so directed to take was not one going to Birmingham, but one going to Noonan and Atlanta, Ga. When the conductor of this train, who was the same person who directed the plaintiff to make the change, and assisted her in doing so, came to get her ticket after the train had started, he told her that she was on the wrong

train, and stated that he would send her back when they met the next passenger train. This he failed to do, but afterwards collected a cash fare from the plaintiff, and she was carried to Atlanta. Shortly after her arrival in Atlanta she took passage on a train of another railroad going to Birmingham, paid her fare, in cash, and reached her destination several hours later than she would have reached it if she had not made the change at Columbus. When the defendant's conductor found that the plaintiff was on the wrong train he treated her roughly, scowling at her, and speaking to her in a cross and snappish manner, and she became frightened and nervous. As she expressed it, "she was well and hearty all the time as anybody" when she left Macon; but following the trip she was in bed several days, and for three or four weeks was weak, and nervous, and unable to do anything. In such evidence there was support for an inference that the fright and nervousness of the plaintiff and the impaired condition of her health following the journey were attributable to the experiences to which she was subjected in consequence of the fault of the defendant's conductor. The jury were entitled to award her damages for such consequences of the wrongs of which she complained. There is no fixed standard for measuring damages for subjecting one to inconvenience or causing physical discomfort or illness. The amount to be awarded therefor is a matter peculiarly for the determination of the jury, and the rule is well settled that their award of damages on such a score cannot be disturbed by the court, unless the amount is so excessive or so grossly inadequate as to be indicative of passion, prejudice, partiality, or corruption on their part.—*Central of Georgia Ry. Co. v. White*, 175 Ala. 60, 56 South. 574; *Liles v. Montgomery Traction Co.*, 7 Ala. App. 537, 61 South.

[Central of Georgia Railway Company v. Sanders.]

480.   There was evidence in the case at bar that the plaintiff, as a result of her change at Columbus from one train to another, sustained a loss in money of something less than $10, being the amount of the cash fares paid by her after making the change, less the amount repaid to her by the defendant for the unused part of her ticket from Macon to Birmingham. So the verdict may be regarded as evidencing an award to her of about $290 by way of damages for the measurement of which in money there is no fixed standard.  We are not of opinion that in the circumstances disclosed by the evidence as it is set out in the bill of exceptions there was anything in such an award to indicate prejudice, partiality, or other improper motive on the part of the jury.  It cannot be said that fair and reasonable men could not have reached the conclusion that that was a proper amount to be paid by the defendant for the infliction of wrongs for which it was responsible, the consequences of which were that the plaintiff, an old woman, who was accompanied on her journey by her sick son, was induced to abandon the route which she had chosen, and by which she had paid her fare, and to take another route, involving a longer journey and the payment of fares a second time, and was subjected to inconvenience, annoyance, and improper treatment, which caused her to become frightened and nervous, and to be made so weak that she had to take to her bed for several days, and for three or four weeks was disabled from doing anything.

The conclusion is that, in the light of the evidence upon which the verdict was based, the amount of it does not show such an abuse of discretion by the jury as to justify this court in reversing the ruling made by the trial court on the motion for a new trial.

Affirmed.