# Birmingham Water Works Company *v.* Watley.

## *Damages for Cutting Off Water Supply.*

(Decided April 15, 1915. 68 South. 330.)

1. *Water and Watercourses; Cutting Off Supply; Damages.*—Where the action was against a water works company for wrongfully cutting off the water supply from plaintiff's residence, the inconvenience and annoyance of being deprived of water, together with pecuniary loss, forms an item of damage.

2. *Appeal and Error; Verdict; Review; Amount.*—Where the measure of recovery is not susceptible of accurate, pecuniary estimation, it is so much a matter of discretion with the jury that a verdict will not be reversed for a failure to truly measure compensation, unless the amount is so excessive or so grossly inadequate as to indicate passion, prejudice, partiality or corruption on the part of the jury rendering the verdict.

3. *Water and Watercourses; Shutting Off Supply; Damages; Instruction.*—In an action against a water company for wrongfully cutting off water from plaintiff's residence, an instruction that in such cases, the law furnishes no fixed standard for the measurement

[Birmingham Water Works Company v. Watley.]

of damages cannot be said to be inaccurate in the light of other instructions to the effect that the company was liable to the plaintiff, if liable at all, for such an amount as would fairly and reasonably compensate plaintiff for any injury he might have suffered as a proximate consequence thereof.

4. *Trial; Argument of Counsel.*—Where it was shown by the superintendent of the water company that it was the custom of the company to cut off the water when a customer failed to pay the rent, argument of counsel that when the toll is not paid the water is cut off, was supported by the evidence, and was not prejudicial in effect in the use of the word toll, instead of rent.

5. *Water and Watercourses; Cutting Off Supply; Instructions.*—A charge asserting that if the water was cut off, the plaintiff could recover only such actual damages as he sustained, and that it was his duty to minimize such damages, and that if the jury believed he had a telephone, and had ascertained at 2 p. m., that the water had been cut off, and that an ordinarily prudent man would have called the defendant over the phone, and had given it an opportunity to at once turn on the water, then if plaintiff failed to do so, he should not be allowed damages accruing by reason of his failure so to minimize the loss, was abstract, as there was no evidence to show that if plaintiff had called defendant over the phone, it would have availed him anything.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by W. W. Watley against the Birmingham Waterworks Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under section 6, Acts 1911, p. 450.

The evidence disclosed for plaintiff that his water was cut off about noon on May 12, 1913, and remained cut off until 1 o'clock on May 13, 1913; that he paid his water rent, and had a receipt therefor up to and through July 1, 1913; that he phoned the water company, and they paid no attention to him, and went around the next morning to see about the matter, was asked if he had paid his rent, and, on exhibiting his receipt, the information man of the company told him there had been some mistake. In the meantime his wife had to go to the neighbors for water. There were other matters not necessary to be here set out.

The following is the oral charge excepted to: "In cases of this sort and kind the law does not furnish any fixed standard for you to measure damages and injuries, but leaves that to your discretion and judgment. There can be no greater amount recovered than that claimed in the complaint, but that is left to your sound discretion and judgment from all the evidence in the case, and from which you must be reasonably satisfied from all the evidence in the case."

The bill of exception shows the following relative to the argument: Plaintiff's counsel said: "You, and every consumer of water in Birmingham, gentlemen of the jury, knows that the toll must be paid before you—"

Here counsel for defendant objected, and the court overruled the objection that there was no evidence to sustain it, and the defendant excepted.

Plaintiff's counsel then said: "And when the toll is not paid, gentlemen of the jury, the water is cut off."

Same objection as above and exception by defendant.

Continuing plaintiff's counsel said: "Ah, yes, gentlemen; they except and object to evidence that they tried to put in here themselves. They actually object to my stating to you the facts that the overwhelming evidence in this case as shown by their own witnesses that they cut the water off when the bill is not paid, and yet they object to my telling you about it."

The following is charge 23: "The Court charges the jury that, if you should believe from the evidence that defendant's servant or agent, acting within the line and scope of his authority, did cut off plaintiff's water, the plaintiff could only recover such actual damages as he sustained by reason of the water being cut off; and I further charge you that was his duty to use reasonable care to minimize these damages, and, if you believe from the evidence that he had a telephone in his house,

and ascertained that the water had been cut off about 2 o'clock on May 12th, and that an ordinarily prudent man under like circumstances would have called up defendant's company over the phone and have given them an opportunity to at once turn the water on, and plaintiff failed to do this, then I charge you that he should not be allowed to recover for such damages as he received by reason of his failure to thus minimize the damages."

PERCY, BENNERS & BURR, for appellant.

W. K. TERRY, for appellee.

GARDNER, J.—Suit by appellee against appellant to recover damages resulting from a breach of duty to supply the plaintiff with water at his place of residence for a period or quarter under contract therefor, which was paid in advance, in that on May 12, 1913, the defendant, through its agents or servant, acting within the line or scope of his employment, wrongfully cut off the water supply at plaintiff's residence, and he was deprived thereof for a period of 24 hours. It is averred that the plaintiff was thereby put to great inconvenience, that water had to be brought from a neighbor's, that the water-closet got out of order, and that the plaintiff suffered great annoyance and inconvenience as a consequence of defendant's breach of duty under said contract.

The first insistence of counsel for appellee relates to the refusal of the affirmative charge for the defendant, upon the theory that no sufficient facts or circumstances had been offered in evidence for the submission to the jury of the question as to whether or not the water was cut off by any agent or servant of the defendant,

acting within the line and scope of his employment and authority.

No consideration of precedent, or otherwise, requires, we think, a discussion of the evidence offered in support of the plaintiff's cause. Suffice it to say that the evidence has been carefully considered in consultation, and we are well convinced that it was entirely sufficient to be submitted to the jury for their determination. There was, therefore, no error in the refusal of this charge.

Counsel, in argument relating to the refusal of the Court to grant a new trial, confine themselves to the ground that the amount of the verdict was excessive. The evidence was without dispute that the plaintiff was deprived of water service for such period of 24 hours without fault on his part; that his wife had to draw water from a neighbor's well for domestic purposes, plaintiff himself having been physically injured, and his body then encased in a plaster jacket; that the water-closet was caused to be clogged, and plaintiff had to pay 50 cents to get it unstopped; that his family consisted of himself, his wife, and one son.

(1) That inconvenience and annoyance of being deprived of the water supply on the premises form an item of recoverable damages in cases of this character, in connection with the proof of pecuniary loss as shown herein, was settled in the case of *Birmingham Waterworks Co. v. Ferguson*, 164 Ala. 494, 51 South. 150. There is no fixed rule or standard for measuring damages for subjecting one to such inconveniences and annoyance. *Cen. Ga. Ry. v. Sanders*, 9 Ala. App. 632, 64 South. 190.

(2) Speaking to the question of excessive verdict, this court, in the case of *Cen. Ga. Ry. v. White*, 175 Ala. 62, 56 South. 575, said: "As the question of damages

is in such cases a matter of discretion for the jury, the trial court will not set aside a verdict for damages merely because, in its opinion, the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and the court below. To such an extent is the measure of recovery, where not susceptible of a pecuniary estimate, deemed a matter of discretion for the jury, that the universal rule is that a judgment will not be reversed on this ground alone, unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury."

While the only damages recoverable under the complaint in this case were compensatory, and not punitive, yet there is no fixed rule for the admeasurement of the same, and, in the light of the rule above quoted, we are unwilling to say that a new trial should be granted upon this ground, or that the verdict is so excessive as to call for any action by this court.

(3) We find no reversible error in that part of the oral charge of the court excepted to by the defendant. As stated by the court, the law in cases of this character does not furnish any fixed standard for the admeasurement of the damages. It is argued by the appellant that this statement is inaccurate, as the law does fix the standard, which is that the amount awarded should be compensatory only. The court in its oral charge, when considered altogether, clearly showed that only such damages were recoverable as is indicated by the following extract found in that part of the oral charge just preceding that excepted to: "* * * Would be liable to him (plaintiff) for such an amount as would fairly and reasonably compensate and repay him for any

injury that he might have suffered as a proximate consequence of that act."

In addition to this, the court gave at the request of defendant a charge in writing which limited the recovery of plaintiff to—"50 cents for having the closet cleaned, and reasonable compensation for the annoyance and inconvenience in being without water while it was cut off."

(4) The plaintiff offered Mr. Horner as witness to prove that he was at the time superintendent of the defendant company, and this closed his direct examination; thereupon the defendant examined Mr. Horner on cross-examination at much length. Among other things, it was shown by this witness that it is the custom of the water company to cut off the water supply when a customer fails to pay the rent. It was evidently the theory of the plaintiff's counsel in his argument that the defendant had cut off the water through the mistaken belief that he was in default in the payment of his rent. In his argument to the jury counsel stated that when the "toll is not paid" the water is cut off, and made other remarks to the same general effect, upon interruption by counsel for appellant. The argument was supported by the evidence, and we are unable to see where the use of the word "toll," instead of "rent," could have had any prejudicial effect. To hold such argument as here objected to reversible error would be to limit the scope of the argument within too narrow bounds. We find no reversible error in the ruling of the court as to these objections. *Birmingham R., L. & P. Co. v. Gonzalez,* 183 Ala. 273, South. 8; *Cross v. State,* 68 Ala. 476.

(5) Charge 23 was properly refused. If not otherwise faulty, it was abstract as to the question of minimizing the damages, as there was no evidence what-

[Birmingham Water Works Company v. Watley.]

ever tending to show that, had the plaintiff "called up defendant company over the phone" that afternoon, it would have availed him anything, but on the contrary, the evidence shows that when he called up the next morning at 8 o'clock he had to afterwards go down to the company's office, and was able to see them. about 9 o'clock, and got the water turned on about four hours thereafter. To say that by calling over the phone in the afternoon would have availed the plaintiff anything is the merest speculation and unsupported by any fact or circumstance in the case. Nor do we here mean to indicate that the doctrine that a plaintiff should minimize the damages finds any application in the language of the said charge, as that doctrine generally finds application in the duty of the plaintiff to use reasonable care to diminish the amount of his own pecuniary damages; but we have seen no instance where it was applied to require of a plaintiff that he first request of or plead with defendant that he remedy his own wrong.

We have here treated the assignments of error argued by counsel in their briefs, and, finding no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J. and MCCLELLAN and SAYRE, JJ., concur.