Appellant appeals from judgment under an action for breach of warranty of title.
Marcus and Miller were in the landscaping business as M M Services. On January 26, 1981, they purchased a 1976 Chevrolet pickup truck, with dump bed, from U-J Chevrolet, Inc. for the sum of $2,300. They knew the salesman and he knew the business in which they were engaged. The truck was financed at a bank and one month later was refinanced along with a stump grinder. U-J Chevrolet, Inc. was unable to deliver title to the truck until December 1982. The truck came into possession of U-J Chevrolet by being abandoned for its repair bill. There was a lien on the vehicle by the prior owner, which was satisfied, but the prior lienholder held the title for payment of some forty-nine dollars in late charges. Appellees used the truck for at least six months, in which they received two tickets for expired tag and allege that they ceased to use the truck on admonition of the traffic court judge to park the truck until they could get a tag. The truck was repossessed in October 1982 for non-payment, and a deficiency judgment in the sum of $5,000 was rendered against appellees in favor of the bank on both pieces of equipment.
Appellees sued appellant for breach of warranty of title and fraud.
Appellant contends on appeal that the evidence is insufficient to sustain the judgment of $3,500 awarded to the appellees. Appellant alleges the trial court ruled out fraud and stated, "the profit thing in this thing is so nebulous it's just hard for me to swallow that," and remaining evidence is insufficient to award $3,500 in damages.
Marcus and Miller purchased and had used the truck for a period of time without any notice of defective title. There is some evidence that could reasonably imply appellees lost business, use of the truck, the truck itself, damaged a smaller truck used as a substitute, incurred subcontracting expenses and the deficiency judgment due to failure to timely deliver title. *Page 1343 
The casting of a substantial shadow over a purchaser's title to an automobile is sufficient to violate a warranty of good title, and the use of the vehicle for a period of time after sale without any notice of a defective title constitutes "special circumstances" and takes the case out of the "time and acceptance" provisions of § 7-2-714 (2), Ala. Code (1975). CityCar Sales, Inc. v. McAlpin, 380 So.2d 865 (Ala.Civ.App. 1979);Ricklefs v. Clemens, 216 Kan. 128, 531 P.2d 94 (1975). The damages for breach of warranty are specified by the code and are controlling. §§ 7-2-714 and 7-2-715, Ala. Code (1975). Where the trial court takes ore tenus evidence without a jury, findings of fact based upon competent evidence are presumed to be correct and will not be disturbed on appeal if supported by evidence or any reasonable inference therefrom unless they are plainly and palpably erroneous or manifestly unjust. DrillParts Service Co. v. Joy Manufacturing Co., 439 So.2d 43
(Ala. 1983). Upon a careful consideration of the matter, we feel satisfied that the trial court, from the evidence, had a basis upon which the amount of appellees' loss could be determined.
The rule that damages, if uncertain, cannot be recovered applies to their nature, and not to their extent. If the damage is certain, the fact that the extent is uncertain does not prevent a recovery. Story Parchment Co. v. Paterson ParchmentPaper Co., 282 U.S. 555, 51 S.Ct. 248, 250, 75 L.Ed. 544
(1931).
Appellees' cross-appeal alleges that the trial court erred in failing to award punitive damages on the question of fraud and failure to award damages for lost profits.
Punitive damages are only allowed where a material misrepresentation is made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive, and committed with an intent to injure. HuntsvilleDodge, Inc. v. Furnas, 361 So.2d 585 (Ala.Civ.App. 1978). There is no such evidence in this case.
The record is such that it is difficult to determine if the trial court completely ruled out damages for loss of profits. Where the quantum of damages is not susceptible of exact pecuniary estimate, the court on appeal will not set aside the verdict because in its opinion the jury gave too much or too little. Liles v. Montgomery Traction Co., 7 Ala. App. 537,61 So. 480 (Ala.Ct.App. 1913). Where testimony is presented oretenus, the trial court's findings and conclusions thereon are given the same weight as the verdict of a jury and will not be disturbed unless palpably wrong. Harrelson v. Glisson,424 So.2d 591 (Ala. 1982). A verdict as to damages is favored with presumptions of correctness, and a reviewing court will not substitute its judgment for that of trier of facts. Farmer v.Strother, 423 So.2d 252 (Ala.Civ.App. 1982). We cannot say the trial court erred in awarding the amount of damages.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., recuses himself.